# United States District Court
# District of South Carolina

| | |
|---|---|
| Wendell Freeman and David Jathniel Freeman; ) | C/A No. 3:06–0010-MBS-JRM |
| ) | |
| Plaintiffs; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Amy McCulloch, Probate Judge, Richland County Probate ) | |
| Court; Jacqueline D. Belton, Associate Probate Judge, ) | |
| Richland County Court; State of South Carolina; and ) | |
| Governor Mark Sanford, Columbia, South Carolina; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiffs, Wendell Freeman and David Jathniel Freeman (hereafter, the "Plaintiffs"), appear to allege a denial of rights and privileges secured to persons claiming "nationality" in the United States under Title 8 United States Code Section 1503. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Since the Plaintiffs are *pro se* litigants, their pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Nevertheless, even under this less stringent standard, *pro se* pleadings are still subject to summary dismissal if they fail to meet the requirements for proceeding in this Court. Such is the case here.

The Complaint in this action is virtually unintelligible, consisting of five typewritten

1

pages the preamble to which is typical of the main text:

> I Wendell Freeman, Father of offspring David Jathniel Freeman are both Nationals of the United States 8 U.S.C. 1503(a), Preamble Citizens of the United States Government free Inhabitants, Natural Born Citizens, Estate in Tail of the Dragon, the Dragons Tail, Claiming Grand Father clause or Grandfathering. We have endured the regular order and course of inheritance as the Title Deed Holders by way of the "Preamble" of the Constitution of the United States of America. I Wendell Freeman am a Qualified Voter with Constitutional Qualifications, not a registered voter with Constitutional requirements – unconstitutional or statutory; Citizen of the *De Jure* Royal House of the United States.

[Docket Entry #1, p. 1.]

Under Fed. R. Civ. P. 8(a)(2), a plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must at least present the court with complete declarative sentences in order for the court to ascertain his right to relief, if any. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995). See also Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Plaintiffs claim, among other things, that Wendell Freeman and his (apparently) former wife are "Moorish Nationals." Plaintiffs should be aware that, notwithstanding the liberality with which *pro se* pleadings are construed in this Court and elsewhere, reported decisions from two United States District Courts have **dismissed with prejudice** actions brought by parties invoking Moorish sovereignty or the Moorish Zodiac Constitution. In Golson-El v. Evans, 1986 WL 7577 (E.D. Pa. June 30, 1986)), the court found the claim of Moorish-American "sovereignty" to be "truly unintelligible" and "frivolous." In Tariq Abdullah El v. City of New

York, 1987 WL 8075 (E.D. N.Y. February 19, 1987), the court held the frivolity of the claim to be "manifest" and imposed sanctions in the amount of Five Hundred Dollars ($500.00) under Rule 11 of the Federal Rules of Civil Procedure.

It appears from the Complaint that the Probate Court for Richland County has in some manner abridged or curtailed Plaintiff Wendell Freeman's ability to "conduct the affairs" of his son, Plaintiff David Jathniel Freeman.[1]  As parties defendant, Plaintiffs name the Probate Judge and Associate Probate Judge for Richland County as well as the Guardian ad Litem who presumably appeared in some unspecified proceeding involving parental rights or access. Plaintiff Wendell Freeman alleges that these defendants interfered with access to his son, Plaintiff David Freeman, because of a "credit report" and/or "arrest record."  Plaintiffs sue the Governor of South Carolina who allegedly has sought "thru policies and customs to subvert, takeover his Father [Wendell Freeman's] responsibility...."  [Docket Entry #1, p. 1.]

Plaintiffs may not sue Probate Judges McCulloch or Belton in this Court for actions taken in matters within their jurisdiction.  See Mireles v. Waco, 502 U.S. 9 (1991); Stump v.

---

[1] – The pleading is also signed by David Jathniel Freeman, with the title "Posterity – offspring" below the signature line.  The inference arises that David Jathniel Freeman is the son of Wendell Freeman.  It is not clear from the Complaint whether David Freeman is a minor or not.  The fact that Plaintiffs have named the Guardian ad Litem as a party defendant suggests that David Freeman may be for some reason under protection of a court.  A non-attorney parent representing himself in a federal court action is prohibited from representing his minor children.  See Collinsgru v. Palmyra Bd. of Educ., 161 F. 3d 225 (3rd Cir. 1998); Devine v. Indian River County School Bd., 121 F. 3d 576, 582 (11th Cir. 1997);  Johns v. County of San Diego, 114 F. 3d 874, 876 (9th Cir. 1997; Cheung v. Youth Orchestra Foundation, 906 F. 2d 59, 61 (2nd Cir. 1990); see also Wenger v. Canasota Cent. Sch. Dist., 146 F. 3d 123, 124-5 (2nd Cir. 1998) (relying on the common-law rule against non-attorney parents representing their children *pro se* in civil suits).  Federal Rule of Civil Procedure 17(c) allows an appropriate individual to sue on behalf of a minor, but does not authorize a non-attorney parent to act as a minor's lawyer in court.  Mecker v. Kercher, 782 F. 2d 153 (10th Cir. 1986).  Only in very limited circumstances has such *pro se* representation been allowed.  See Machadio v. Apfel, 276 F. 3d 103 (2nd Cir. 2002); Harris v. Apfel, 209 F. 3d 413 (5th Cir. 2000)(approving the rationale of Maldonado v. Apfel, 55 F. Supp. 2d 296 (S.D.N.Y. 1999)).  The status of David Freeman as a minor child or adult is not dispositive in this case, however, because the Complaint alleges only that Wendell Freeman has suffered deprivation – namely, Wendell Freeman's "liberty along with the authorization to conduct the affairs of his offspring David Jathniel Freeman." [Docket Entry #1, p. 2.]  Thus, while David Jathniel Freeman appears in the caption of this case as a named plaintiff, there is nothing in the pleading to suggest that he is a party having a genuine interest in the action.

Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a threshold question which requires summary dismissal. Siegert v. Gilley, 500 U.S. 226 (1991); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

Plaintiffs may not sue the Guardian ad Litem in the Richland County Probate Court for any role played in the proceeding on parental rights or access. No cause of action can be stated against witnesses in a judicial proceeding as a result of testimony or other participation. This rule is so well-settled that citation to authority is hardly required. In Briscoe v. LaHue, 460 U.S. 325, 331-334 (1983), an authoritative review of witness immunity in its historical context can be found. To the extent that the Guardian ad Litem may have taken actions based upon a court order, Plaintiffs may not seek monetary damages because of the same immunity enjoyed by the court itself. It is well settled in this Circuit and elsewhere that public officials are immune from suit when their actions are taken in obedience to a judicial order or under a court's direction. Belk v. Charlotte-Mecklenburg Bd. of Education, 269 F. 3d 305 (4th Cir. 2001); Rogers v. Bruntrager, 841 F.2d 853 (8th Cir.1988); McCray v. Maryland, 456 F. 2d 1 (4th Cir. 1972) Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir.1969).

Finally, the Governor of South Carolina may not be sued in his official capacity. The State of South Carolina and its governmental agencies are immune from suit in this Court under the Eleventh Amendment to the United States Constitution. Immunity from suit under the Eleventh Amendment to the United States Constitution is so well settled that precedents are almost too numerous to cite. A sample would include: Kimel v. Florida Board of Regents, 528 U.S. 62 (2000); Alden v. Maine, 527 U.S. 706 (1999); College Savings Bank v. Florida Prepaid

4

Education Expense Board, 527 U.S. 666 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996); Blatchford v. Native Village of Noatak, 501 U.S. 775 (1991); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Alabama v. Pugh, 438 U.S. 781 (1978); and ultimately, Hans v. Louisiana, 134 U.S. 1 (1890).  Even without this immunity, the Complaint suggests no factual predicate upon which to imagine that the Governor of South Carolina, either in his official capacity or as an individual, has sought to "subvert" or "takeover" Plaintiff Wendell Freeman's parental rights or responsibilities.

Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  There is no presumption that a federal court has jurisdiction over any given matter.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, supra.  See also Rule 12(h)(3) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

United States District Courts, as federal courts established by the United States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332.  An action for violation of civil rights under 42 U.S.C. §1983, for example, is

5

a "federal question" case which means that Congress establishes by statute the basis contours of litigation to enforce its provisions. "Diversity" jurisdiction exists when the parties are citizens of different states and a minimum jurisdictional amount is at stake. The courts must interpret and apply those statutory provisions in specific cases.

The matter of Wendell Freeman's parental rights has apparently been determined by the Richland County Probate Court from which decision he has a right to appeal within the state courts of South Carolina. By asking this Court to intervene in that proceeding, the Plaintiffs have requested relief which simply cannot be granted. The well-settled Rooker-Feldman doctrine prevents this Court from assuming jurisdiction over ongoing state litigation or reviewing any decision made or soon to be made therein.[2]

## RECOMMENDATION

It is recommended that this action be dismissed without issuance or service of process upon the Defendants. The Plaintiffs' attention is directed to the notice on the next page.

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 11, 2006
Columbia, South Carolina

---

[2] - This doctrine derives from two U.S. Supreme Court cases, Rooker v. Fidelity Trust Co, 263 U.S. 413, 66 L. Ed. 362, 44 S. Ct. 149 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983). See Allstate Insurance Company v. West Virginia State Bar, 233 F. 3d 813 (4th Cir. 2000) for recent application of the doctrine in the Fourth Circuit.

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The Plaintiff is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice apprises the Plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**