IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Wendell Freeman and ) | |
| David Jathniel Freeman, ) | |
| ) | C/A No. 3:06-00010-MBS |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R and O P I N I O N** |
| Richland County Probate Court; ) | |
| Amy McCulloch, Probate Judge; ) | |
| Jacqueline D. Belton, Assoc. Probate Judge ) | |
| State of South Carolina; ) | |
| Governor Mark Sanford; and ) | |
| Teresa Lee Clement ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Plaintiffs' objections to the Report and Recommendation of the Magistrate Judge filed January 23, 2006 and Plaintiff's "Motion to Strike" filed March 6, 2006.

## **I. FACTS**

Plaintiffs, appearing *pro se*, bring this action accusing Defendants of "[i]nfringing [on their] Constitutional Rights [and] Privileges." Complaint, 1. Though not specifically enumerated in their complaint, Plaintiffs appear to allege unlawful actions on behalf of Defendants in violation of 42 U.S.C. § 1983. Plaintiffs' seek money damages exceeding $3,535,000. Complaint, 5. Plaintiffs also seek "replevin of all [r]ights, privileges as [f]ather of David Jathniel Freeman," "unhindered allowance to exercise [their] offspring's affairs Constitutionally," and "[a]ny other damages not mentioned by oversight of petitioner[s]." Id.

## II.  LAW/DISCUSSION

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and, on January 11, 2006, filed a Report and Recommendation recommending that the Complaint be dismissed without issuance or service of process on Defendants. Plaintiffs filed objections to the Report and Recommendation ("Plaintiffs' Objections") on January 23, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Further, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Id.

Plaintiffs' complaint contains a series of accusations against Defendants. The Magistrate Judge engaged in a thorough review of Plaintiffs' complaint and determined that Plaintiffs' only decipherable allegation is that "the Probate Court for Richland County has in some manner abridged

or curtailed Plaintiff Wendell Freeman's ability to 'conduct the affairs' of his son, Plaintiff David Jathniel Freeman." Report and Recommendations, 3 (quoting Complaint, 2). The Magistrate Judge recommended a finding that all Defendants are immune from suit under established federal law. Id at 3-5. In the alternative, the Magistrate Judge noted "[t]he matter of [Plaintiff] Wendell Freeman's parental rights has apparently been determined by the Richland County Probate Court." Report and Recommendation, 6. Accordingly, the Magistrate judge noted that the court is precluded from involvement in the matter under the well established Rooker-Feldman doctrine. Id. (citing See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

In their objections, Plaintiffs first challenge the jurisdiction of the Magistrate Judge and declare the Report and Recommendation "illusionary." Objections, 2. Plaintiffs next provide a compilation of alleged support for their purported objections citing numerous federal laws, "National Emergency Jurisdiction," and their status as "*De Jure* Citizen[s] of the *De Jure* United States." Id. at 2-6. Plaintiffs' also allege that the purchase of "insurance and bond" waives any immunity traditionally afforded Defendants. Id. at 4.

The bulk of Plaintiffs' objections represent only general and conclusory challenges to the Magistrate Judge's Report and Recommendation. Accordingly, the court is not obligated to conduct a *de novo* review. See Orpiano, 687 F.2d at 47-48. Though not obligated, the court has thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct. The court notes that the status of Defendants insurance coverage has no effect on their immunity under the well-established doctrines correctly identified by the Magistrate Judge.

3

### III.  CONCLUSION

The court has reviewed the record and adopts the recommendation of the Magistrate Judge granting immunity to Defendants.  Plaintiff's complaint is **dismissed** with prejudice and without issuance and service of process.  After a thorough review, the court **denies** Plaintiffs'"Motion to Strike."

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

April 5, 2006
Columbia, South Carolina